UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 15-17432 |
| | ) | |
| Petrovich, Tammy | ) | |
| Petrovich, Art | ) | |
| | ) | |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATIONS FOR COMPENSATION AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that RICHARD M. FOGEL, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

219 S. Dearborn Street, 7th Floor, Chicago, IL  60604

Any person wishing to object to any fee application that has not already been approved prior to the Final Report must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee.  A hearing on the fee applications and any objection to the Final Report will be held at **10:30 a.m. on January 6, 2016 in Courtroom 742**, United States Courthouse, 219 S. Dearborn Street, Chicago, IL  60604.

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of this Court.

Date:  December 8, 2015                              By:  /s/ Richard M. Fogel
                                                                          Trustee

RICHARD M. FOGEL
321 N. CLARK STREET
SUITE 800
CHICAGO, IL  60654
312-276-1334
rfogel@shawfishman.com

**UST Form 101-7-NFR (9/1/2009)**

{4273 NTC A0236578.DOC 4}

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: PETROVICH, TAMMY<br>PETROVICH, ART | §<br>§<br>§<br>§ | Case No. 15-17432 |
| Debtor(s) | | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | |
|---|---:|
| *The Final Report shows receipts of :* | $ 5,000.00 |
| *and approved disbursements of:* | $ 40.00 |
| *leaving a balance on hand of[1]:* | $ 4,960.00 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

| | |
|---|---:|
| Total to be paid to secured creditors: | $ 0.00 |
| Remaining balance: | $ 4,960.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| Trustee, Fees - Richard M. Fogel | 1,250.00 | 0.00 | 1,250.00 |

| | |
|---|---:|
| Total to be paid for chapter 7 administrative expenses: | $ 1,250.00 |
| Remaining balance: | $ 3,710.00 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| |
|---|
| None |

---

[1]The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 3,710.00

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 3,710.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $222,730.89 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 1.7 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank Discover Products Inc | 21,107.40 | 0.00 | 351.59 |
| 2 | Midland Credit Management, Inc. as agent for MIDLAND FUNDING LLC | 11,006.72 | 0.00 | 183.34 |
| 3 | American InfoSource LP as agent for TD Bank, USA | 730.82 | 0.00 | 12.17 |
| 4 | Capital One, N.A. c o Becket and Lee LLP | 835.24 | 0.00 | 13.91 |
| 5 | Fifth Third Bank | 26,222.45 | 0.00 | 436.78 |

UST Form 101-7-NFR (10/1/2010)

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 6 | Navient Solutions, Inc. Department of Education Loan Services | 125,227.31 | 0.00 | 2,085.90 |
| 7 | Illinois Student Assistance Commission C/o Firstmark Services | 10,778.94 | 0.00 | 179.54 |
| 8 | PYOD, LLC its successors and assigns as assignee of Citibank, N.A. Resurgent Capital Services | 1,256.25 | 0.00 | 20.93 |
| 9 | PYOD, LLC its successors and assigns as assignee of Citibank, N.A. Resurgent Capital Services | 1,695.08 | 0.00 | 28.23 |
| 10 | Capital Recovery V, LLC c/o Recovery Management Systems Corporat | 1,122.63 | 0.00 | 18.70 |
| 11 | Capital Recovery V, LLC c/o Recovery Management Systems Corporat | 1,327.49 | 0.00 | 22.11 |
| 12 | Capital Recovery V, LLC c/o Recovery Management Systems Corporat | 514.82 | 0.00 | 8.58 |
| 13 | PYOD, LLC its successors and assigns as assignee of Citibank, N.A. Resurgent Capital Services | 13,333.48 | 0.00 | 222.09 |
| 14 | PYOD, LLC its successors and assigns as assignee of Citibank, N.A. Resurgent Capital Services | 7,572.26 | 0.00 | 126.13 |

Total to be paid for timely general unsecured claims: $ 3,710.00
Remaining balance: $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

UST Form 101-7-NFR (10/1/2010)

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

    Total to be paid for tardily filed general unsecured claims:  $   0.00
    Remaining balance:  $   0.00

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

    Total to be paid for subordinated claims:  $   0.00
    Remaining balance:  $   0.00


    Prepared by: /s/ Richard M. Fogel
            Trustee

Richard M. Fogel
321 N. Clark St. #800
Chicago, IL 60654


**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**